# Commonwealth *v.* Branhan, Appellant.

*Criminal law—Murder—New trial—After-discovered evidence.*

1. A new trial, after a conviction of murder of the first degree, will not be granted where the ground alleged was that every effort had been made to secure from defendant a true story of the crime, but that he was incapable of telling a coherent story of what happened on the morning of the killing, until the supporting affidavit for a new trial was procured from him.

2. A new trial will not be granted where alleged after-discovered evidence merely presents an incident leading up to the crime and is of little probative force.

3. A defendant charged with murder cannot set up as a defense that at the time of the killing he was suddenly provoked to a state of rage by seeing the deceased place an offensive potion in his tea.

4. Such a defense is not sufficient to reduce the degree of the crime to manslaughter.

Argued April 13, 1925.   Appeal, No. 256, Jan. T., 1925, by defendant, from judgment of O. & T., Phila. Co., Oct. T., 1923, No. 1136, on verdict of guilty of murder of the first degree, in case of Commonwealth v. Julius McKinley Branhan.   Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.   Affirmed.

Indictment for murder.

Motion for new trial.   Before McDEVITT, J.

The opinion of the Supreme Court states the facts.

New trial refused, by McDEVITT, STERN and SMITH, JJ.   Defendant appealed.

*Error assigned* was, inter alia, refusal of new trial, quoting record.

*William P. B. Hansell,* with him *G. Coe Farrier,* for appellant.

*Charles F. Kelley,* Assistant District Attorney, with him *Samuel P. Rotan,* District Attorney, for appellee.

OPINION BY MR. JUSTICE KEPHART, May 4, 1925:

Defendant was twice convicted of murder in the first degree, and his counsel admit the second trial "was conducted in a most fair and legal manner by the learned trial judge." The only reason in support of the present appeal is that the court below abused its discretion in refusing to grant a new trial on the ground of after-discovered evidence. The evidence relied on was not considered by appellant's counsel as strictly after-discovered. It is argued however that every effort possible

was made to secure from defendant a true story of the crime, but he was incapable of telling a connected or coherent story of what happened on the morning of the killing until the present affidavit was procured.

It must be evident to counsel that, if this reason for a new trial could be successfully advanced, almost every conviction of first degree murder would be subject to re-trial for like reason. In a short time the rule would be that one charged with murder could not be successfully convicted until there had been two trials and two convictions. The defense at the last trial was insanity; the present affidavit raises a different one, to wit, that when defendant saw the deceased place an offensive potion in his tea he became enraged, provoked to a fury that to one of sound mind would naturally bring about the act for which he stands convicted, and, as defendant's mind was feeble, it was the more easily influenced by such vile conduct. The purpose was to show killing in the heat of passion under a strong provocation of rage. Had this evidence been present at the second trial, it not only would have been insufficient to justify a verdict for defendant, but also would not have been evidence to warrant a verdict in a less degree.

In Com. v. Newson, 277 Pa. 48, where the defense was based on the administration of a similar potion, causing, as appellant contended, "sufficient provocation to unseat defendant's mind," or a state of rage that suddenly im-pelled the passion to kill, we held the defense was not sufficient to reduce the degree of the crime to man-slaughter. In that case words were relied on; here the defendant saw the act.

The only purpose for which the so-called after-dis-covered evidence could be useful would be to place be-fore the jury an incident or detail leading up to the crime. There is no valid reason why it could not have been procured before trial, and its probative force would have been of little value had it been present.

The court below did not abuse its discretion in refusing to grant a third trial. The Commonwealth showed that appellant deliberately killed the deceased. The jury was warranted in finding defendant killed deceased because she refused to leave her husband and live with him. There is present in the case every element of first degree murder; nothing in the record before this court stands in the way of the execution of the sentence according to law.

The judgment of the court below is affirmed and the record remitted for the purpose of execution.